Higbee & Associates

A NATIONAL LAW FIRM

April 25, 2018

**JOINT LETTER
FILED VIA ECF**

Hon. Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square, Courtroom 1305
New York, NY 10007


RE:     **Christopher Sadowski v. Sell It Social LLC et. Al.
        Case 1:17-cv-09677-PAE**

Dear Judge Engelmayer,

Plaintiff Christopher Sadowski and Defendant Sell It Social LLC submit the following Joint Letter and Proposed Case Management Plan in anticipation of the Initial Pretrial Conference scheduled to take place on May 1, 2018 at 11:00 a.m. in Your Honor's courtroom.

**I.     BRIEF DESCRIPTION OF THE CASE**

  **A.    Plaintiff Christopher Sadowski's Statement of the Case**

This is a straightforward case of copyright infringement. Plaintiff Christopher Sadowski is a professional photographer and the sole author and exclusive rights holder to an original photograph of the New York City subway (the "Subway Image") and a photograph of a bitcoin ("Bitcoin Image" collectively the "Images"), which he registered with the United States Copyright Office. *See* Exhibit A to the Complaint, ECF #1.

Defendant Sell It Social LLC is an ecommerce company that operates several digital media properties including www.rebelcircus.com ("Defendant's Website"). Defendant's Website primarily consists of content known as "click- bait," which is characterized by catchy and/or outlandish headlines and excessive banner advertisements, and whose main goal is create and share viral content through social media and other channels to encourage as many Internet users as possible to click through to Defendant's Website in order to maximize revenue for Defendant through advertising or ecommerce sales.

On July 13, 2017, the New York Post ("Post") ran an article that featured the Subway Image on its website titled "Subway rider wakes up to man peeing on her face" (the "First Post Article"). *See* https://nypost.com/2017/07/13/subway-rider-wakes-up-to-man-peeing-on-her-face/.

On or about July 19, 2017, an article titled "Woman Wakes Up To Man Peeing On Her Face On Subway" featuring Sadowski's Subway Image with the photo credit removed appeared ("First Infringing Article") on Defendant's Website.

Sadowski filed the instant lawsuit on December 8, 2017 alleging, *inter alia*, infringement of the Subway Image, and violation of the DMCA for removing Sadowski's

Corporate HQ 1504 Brookhollow Dr., Suite 112 Santa Ana, CA 92705
Phone (714) 617-8385   Fax (714) 617-8511   Web higbeeassociates.com

photo credit. *See* ECF#1. Sadowski subsequently served the Complaint, and engaged in multiple substantive discussions with Defendant's counsel regarding the claims alleged.

Over a month after this lawsuit was filed, on or about January 10, 2018, Sadowski's Bitcoin Image appeared in a Post Article titled "Why I'm all about cryptocurrency — for now." *See* https://nypost.com/2018/01/10/why-im-all-about-cryptocurrency-for-now/ ("Second Post Article"). On or about February, 6, 2018, Sadowski discovered that Defendant had again taken his Bitcoin Photo for use in an article on Defendant's Website dated February 1, 2018, titled "Bitcoin Boy Says We Should All Be Millionaires by 2028, and If We're Not, It's Our Own Fault" ("Second Infringing Article") with the photo credit removed.

Sadowski noticed that the file name for the Bitcoin Image as displayed on Defendant's Website, corresponded with his own proprietary file naming system that he used when submitting his Images to the Post. Sadowski took this as conclusive evidence that Defendant had downloaded the Bitcoin Image directly from the Post.

Sadowski never granted a license for Defendant to use either of his Images or to remove the photo credit.

To prove copyright infringement, a plaintiff must allege: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The second element requires a plaintiff to show "the infringer had access to plaintiff's copyrighted work and that the works at issue are substantially similar in their protected elements." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002).

Here, Sadowski has shown ownership of a valid copyright as production of a certificate of registration made before or within five years after first publication of the work constitutes prima facie evidence of the validity of the copyright. 17 U.S.C. § 410(c). Additionally, Sadowski has satisfied the second element, as Defendant used exact copies of Sadowski's Images on Defendant's Website.

Once liability is established for infringement, Sadowski is allowed to elect between an award of actual damages plus Defendant's profits, or for an award of statutory damages. 17 U.S.C. § 504(a). An award of statutory damages infringement ranges from $750 to up to $30,000 for each image for unintentional infringement, and up to $150,000 per image if the infringement is deemed willful. 17 U.S.C. § 504(c). The Second Circuit has explained that "a court need not find that an infringer acted maliciously to find willful infringement." *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, (2d Cir. 1986) 807 F.2d 1110,1115. Rather, "willful" infringement requires only knowledge or reckless disregard on the part of the defendant. *Ibid.*

Courts have wide latitude to determine the scope of the award, and there need not be a direct correlation between statutory and actual damages. *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 127 (2d Cir. 2014). An award may be in such amount "as the court considers just." 17 U.S.C. § 504(c)(1); *see Lauratex Textile Corp. v. Allton Knitting Mills*, 519 F. Supp. 730 (S.D.N.Y. 1981) (holding that defendant's profits ($5,177) would "provide a basis for examining an appropriate amount of statutory damages," but in view of defendant's willfulness, awarded statutory damages of $40,000). Statutory damages under the Copyright Act are designed to "discourage wrongful conduct," as well as to provide "reparation for injury." *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952)). As such, "a statutory damage award should significantly exceed the

amount of unpaid license fees," so as to put "infringers on notice that it costs less to obey the copyright laws than to violate them." *Broad. Music, Inc. v. Prana Hosp., Inc.*, 158 F. Supp. 3d 184, 198 (S.D.N.Y. 2016) (awarding statutory damages equating approximately five times plaintiff's actual damages).

Here, Sadowski has shown ample evidence of Defendant's willful conduct. As an initial matter Defendant was clearly aware that it did not have permission to use Sadowski's photos from the Post without a proper license because Sadowski filed a lawsuit specifically stating that fact. Additionally, Plaintiff's counsel engaged in substantive discussions with Defendant's counsel explaining the situation. While Defendant's counsel is certainly not at fault for his client's actions, Defendant's counsel no doubt explained the situation to Defendant after lawsuit was filed. Despite this, Defendant engaged in subsequent infringement of Sadowski's Bitcoin Image well after being on notice of the lawsuit. Thus, at minimum, Defendant's subsequent infringement is clearly willful.

17 U.S.C. § 1202(b) prohibits infringers from "intentionally remov[ing] or alter[ing] any copyright management information." altering copyright management information. The statue defines copyright management information as any information conveying "[t]he name of, and other identifying information about, the author of a work." 17 U.S.C. § 1202(c)(2). A photo credit appearing in connection with a photograph falls within the definition of CMI. *See Agence Fr. Presse v. Morel*, 769 F. Supp. 2d 295, 306 (S.D.N.Y. 2011). Violation of this statute carries a penalty of $2,500 to $25,000 per offense.

In this case, the original NY Post article from which Defendant took the Subway Image without permission, properly credited my Sadowski, and the First Infringing Article on Defendant's Website, had the photo credit removed. Additionally, Defendant was on notice of the photo credit when Sadowski filed the Complaint, and thus had actual knowledge of the photo credit CMI when Defendant subsequently used the Bitcoin Image with the photo credit removed.

### B. Defendant Sell It Social LLC's Statement of the Case

Defendant intends to challenge Plaintiff's allegations of willful copyright infringement and violations of the Digital Millennium Copyright Act, Plaintiff's alleged ownership of valid copyrights (and copyright registrations) covering photographs allegedly used by Defendant in infringement of said copyrights, and Plaintiff's alleged damages and calculations thereof.

## II. CONTEMPLATED MOTIONS

### A. Plaintiff's contemplated Motions

Plaintiff anticipates filing a Motion for Summary Judgment prior to the scheduled trial date.

  **B.**  **Defendant's Contemplated Motions**

Defendant does not presently anticipate filing any motions in this action, but reserves the right to file any discovery or dispositive motions.

**III.**  **PROSPECT FOR SETTLEMENT**

  Currently, the parties are engaged in fruitful settlement discussions, and there is a high likelihood that the parties will settle this case. While major details of settlement still need to be worked out amongst the parties, it is anticipated that the parties will be able to promptly resolve this case by way of settlement.

              Sincerely,

              **/s Rayminh L. Ngo**
              Rayminh L. Ngo, Esq.
              *Attorney for Plaintiff*

              **/s Alexander R. Malbin**
              Alexander R. Malbin, Esq.
              *Attorney for Defendant*